TAGGED OPINION.LMI



ORDERED in the Southern District of Florida on May 24, 2007.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JAIME ENSENAT and NATALIA ENSENAT,

        Debtors.
_____/

CASE NO. 06-15979-BKC-LMI

Chapter 7

## ORDER OVERRULING TRUSTEE'S
## OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

This matter came before this Court on March 26, 2007 on Trustee's Objection to Claimed Exemptions and Motion to Compel Turnover[1] (CP #23) filed by Marcia Dunn, the Chapter 7 Trustee in this case. The Trustee challenges the Debtors' entitlement to a homestead exemption on a partially detached unit on their property. Because I believe the Debtors have a right to claim the homestead exemption with respect to the partially detached unit, the Trustee's objection is overruled.

### FACTUAL BACKGROUND[2]

The Debtors have lived in a home located at 1044 N.W. 30th Place, Miami, Florida 33125 (the "Residence") since 1979. The Residence was valued on the

---

[1] At the beginning of the hearing Trustee's counsel announced that the Trustee was withdrawing her objection to the Debtors' claimed exemptions with respect to personal property.
[2] The relevant facts are undisputed.

CASE NO. 06-15979-BKC-LMI

Debtor's schedules at $375,000.00. The only Mortgage encumbering the Residence has a balance of approximately $4,300.00.

The Residence is located on property in the City of Miami. There are two buildings located on the property. One is the home in which the Debtors actually live; the second building, which has two bedrooms and one bath, is connected to the "main house" by a covered patio. The second building also has a living room, a kitchen and separate gated entrance. The second building is separately metered by the power company and has its own water supply. The Residence is listed as a multifamily duplex.[3]

Through the years the Ensenats have allowed family members immigrating from Cuba to live in the second building. The Debtors have never rented the second building. The second building is currently occupied by Mrs. Ensenat's niece,[4] the niece's young son and the niece's boyfriend. They have lived in the second building for several years. They do not pay rent, although the boyfriend pays the electric bill and the phone bill. They also pay their own water bill. The boyfriend sometimes mows the lawn, and the niece and the boyfriend make other payments such as buying groceries once in awhile. The niece is employed; the boyfriend has no steady employment.

### THE FLORIDA HOMESTEAD EXEMPTION

The Trustee argues that the Debtors are not entitled to exempt the second building because the second building is not part of the Debtors' residence as defined

---

[3] The Trustee's Objection alleged the Residence was a duplex, but at the trial acknowledged that there are actually two separate structures, joined by the roofed patio.
[4] The niece is the daughter of Mrs. Ensenat's half-sister.

-2-

under the Florida constitution, nor is the Debtors' "half-niece" a member of the Debtors' family.[5]

The Florida Constitution provides in pertinent part:

> (a) There shall be exempt from forced sale . . . the following property owned by a natural person:
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, . . . or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family

Fla. Const. Art. X, § 4(a)(1).[6]

## The Meaning of Residence

Florida courts have long recognized that the "constitutional and statutory provisions with reference to homestead should be interpreted in the liberal and beneficent spirit in which they were conceived and enacted in the interest of the family home." *White v. Posick,* 150 So. 2d 263, 265 (Fla. 2d DCA 1963); *In re Ballato,* 318 B.R. 205 (Bankr. M.D. Fla. 2004)(noting the homestead exemption established by the Florida constitution was designed to protect and preserve the family home). It is without dispute that Florida's homestead exemption is quite generous,[7] however, it is not unlimited. In *In re Wierschem,* 152 B.R. 345 (Bankr. M.D. Fla. 1993) the court recognized that "[w]hile the Florida Constitution does not define the term 'homestead,' it does provide various limitations and requirements. Among these are an acreage limitation, an ownership requirement, and a residency limitation." *Id.* at 347. The court

---

[5] There is no dispute that the building in which the Debtors live is their homestead.

[6] In 1968 the Florida constitution was amended to eliminate business property from homestead eligibility. "Prior to the 1968 Amendment to Article X, § 4 . . . a homestead exemption was allowed for the 'residence and business house of the owner . . .' which allowed an owner to claim as exempt not only his dwelling house but also other structures which were used for business or were income-producing rental property. *Matter of Aliotta,* 68 B.R. 281, 282 (Bankr. M.D. Fla. 1986)(internal citations omitted).

[7] *See Havaco v. Hill,* 790 So. 2d 1018 (Fla. 2001).

CASE NO. 06-15979-BKC-LMI

went on to note "[t]he Florida Constitution provides exemption protection to a piece of real property only as long as the property is the residence of the owner or the owner's family. Moreover, the property must be the actual residence of the owner or the owner's family." *Id.* In order for property to be eligible for Florida's homestead exemption it must meet all of the requirements of the Florida Constitution. *In re Englander,* 95 F.3d 1028 (11th Cir. 1996).

A separate structure on what is otherwise homestead property is not disqualified from the same protections as the residential structure merely because it is separate from the primary residential structure. In the early case of *Armour & Co. v. Hulvey,* 74 So. 212 (Fla. 1917), the Florida Supreme Court observed that "the exemption of a half acre within the limits of any incorporated city or town would doubtless include outhouses, barns, wagon houses, garages, wood or coal sheds, chicken houses, and fences, etc., as were appurtenant and subsidiary to and used in connection with the residence as conveniences and auxiliaries, although they are not expressly mentioned as being included in such exemption." 74 So. at 213. Such appurtenances, the court found, would be protected under the Florida Constitution as "improvements" to the homestead. *Id.* In *White v. Posick,* the defendant's homestead included a garage and overhead apartment used for storage and laundry and an adjoining lot with a swimming pool and patio. The court held the entire property was exempt as the garage apartment was utilized by the homeowner for storage, and the pool and patio were conventional residential appurtenances. 150 So. 2d at 265.

To the extent courts have found abandonment or waiver of the homestead exemption in a separate structure it was because the homeowner, at some relevant

CASE NO. 06-15979-BKC-LMI

time, used that portion of the property to generate income. See, e.g., In re Rodriquez, 55 B.R. 519 (Bankr. S.D. Fla. 1985); Weiss v. Stone, 220 So. 2d 403 (Fla. 3d DCA 1969), appeal dismissed, 225 So. 2d 913 (Fla. 1969); see also, McEwen v. Larson, 185 So. 866 (Fla. 1939)(finding portion of homestead on which the owner built an apartment house and garage for rental income ineligible for homestead exemption). Accord In re Dudeney, 159 B.R. 1003, 1006 (Bankr. S.D. Fla. 1993)(holding where a debtor owns two contiguous lots meeting the area limitation, one used for residential purposes and the other vacant, the debtor will be entitled to declare both lots exempt unless there is evidence that the separate lot is being used for business purposes).

However, if a separate structure on otherwise exempt property was being used, but is no longer being used, for a business purpose, the exemption is not necessarily lost. In Edward Leasing Corp. v. Uhlig, 652 F. Supp. 1409 (S.D. Fla. 1987), the court held that the residential property of a marine repairer, which included a separate office building, qualified for homestead exemption despite the office building having been previously used for business purposes. By the time the judgment creditor sought to enforce its lien, no business was conducted on the property. The court found that the homeowners met the threshold family residence requirement essential to any claim of homestead status where at least part of the premises were used as the primary family residence. 652 F. Supp at 1415. "The language of Art. X, § 4, guaranteeing homestead protection to family residences, does not indicate that this protection should be abridged because of business activities within the dwelling." Id. at 1417. The Uhlig court distinguished cases where business activities continued in a unit or structures separate from the primary family residence. Id. Considering application of the exemption to the

separate structure, the court noted that if the building had still been used as a business office at the time the plaintiff sought relief, enforcement of the lien might have been appropriate, but since all business activities had ceased at that time, the separate building was exempt as well. *Id; see also Thompson v. Hibner,* 705 So. 2d 36 (Fla. 3d DCA 1997).

In this case the Trustee argues that, although the Debtor has not previously rented the separate building, and is not presently renting the separate building, because the building <u>could</u> be rented, the homestead protection should not be afforded to the separate building. The Trustee's argument is inconsistent with Florida law. The potential of a separate building for use for a business purpose, like a prior use of such building for a business purpose, is not adequate to compromise the Debtors' homestead rights in such building. Accordingly, because the second building is located on property that is on one-half acre or less of contiguous land located within the municipality on which the same property is undisputedly used by the Debtors as their residence, I find the separate building is part of the Debtors' Residence.

### The Meaning Of "Family" For Homestead Purposes

Prior to the 1985 amendment to the Florida Constitution, a line of cases developed considering the meaning of the term "family" for homestead purposes. In 1985 the Florida Constitution was amended to provide that a natural person, rather than the head of the family, is entitled to claim the homestead exemption. Fla. Const. Art. X, § 4. Consequently, one no longer must be held to be a "head of household" in order to enjoy the protections of the homestead exemption, or the restrictions on devise of the homestead. *Public Health Trust v. Lopez,* 531 So. 2d 946 (Fla. 1988).

However, what constitutes a family is still a necessary determination under the precise language of the Florida Constitution, and therefore, the cases that preceeded the 1985 amendment are instructive. *See, e.g., Moore v. Rote,* 552 So. 2d 1150 (Fla. 3d DCA 1989)(looking to pre-amendment precedent to determine whether a divorced woman was entitled to the homestead protection even though she had no minor children residing with her).

Florida law has recognized "families-at-law" and "families-in-fact." The test for what is a family

> has been extended beyond marital or blood relationships . . . The tests of a family for homestead purposes, which must be met either singly or in combination, are: (1) A legal duty to maintain arising out of the relationship and (2) a continuing communal living by at least two individuals under circumstances where one is regarded as the person in charge.

*Heard v. Mathis,* 344 So. 2d 651, 654 (Fla. 1st DCA 1977).[8]  *See also In re Jones,* 12 B.R. 878 (Bankr. M.D. Fla. 1981).

A legal duty to maintain arises primarily in family-at-law circumstances, i.e. husband-wife or parent-child relationships, where one party is presumed to be the dependent of the other. *In re Gottling,* 42 B.R. 386, 387 (Bankr. M.D. Fla. 1984). A family-in-fact results when a head of household has a continuing personal authority, responsibility and obligation for the welfare of the others and the others recognize both the family relationship and the status of the head of the family. *In re Gottling,* 42 B.R. at

---

[8] *Heard* is a debt collection case where the debtor brought suit against a creditor for violation of the Consumer Collection Practices Act which prohibited disclosure of information affecting the debtor's reputation to a person other than the debtor or his family. The court referred to homestead cases for the meaning of the term "family" in determining that a close family friend who neither lived with, nor assumed any responsibility for the support of the debtor, could not be considered a member of the debtor's family.

387; see also *Beck v. Wylie,* 60 So. 2d 190 (Fla. 1952); *Caro v. Caro,* 34 So. 309 (Fla. 1903)(property determined to be homestead of mother who resided there with two adult daughters who supported themselves except for food provided by mother).

Based on the facts before the Court, it is not clear that the niece, her son and boyfriend, should be included in the Debtors' family, as that term is used in Article X, §4 of the Florida Constitution. The Debtors clearly have no legal obligation to support their niece and her family. And, other than supplying the niece and her family with a free place to live, the Debtors are not providing any kind of support to them. Moreover, it is not clear the niece, who has a job, requires her aunt's largess. Rather this appears to be a convenient living arrangement, available due to the family relationship but not due to dependency, legal or factual.

## CONCLUSION

While Mrs. Ensenat's niece, son and boyfriend may not qualify as the Debtors' "family" for purposes of the Florida homestead exemption, the Debtors, nonetheless are entitled to claim the homestead exemption for the entire Residence, including the second building in which the niece and her family reside, because the structure in which they reside is part of the property that falls within the protections of the constitutional homestead guidelines and is not used for a business purpose. Accordingly, it is

ORDERED AND ADJUDGED that the Objection is overruled.

###

Copy to:
Marcia T. Dunn, Trustee

*Trustee shall serve a conformed copy of this order upon all parties in interest and shall file a Certificate of Service of same with the Clerk of the Court.*